# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*    *No. 1:16-cv-00931-WJ-LF*
                               *No. 1:17-cv-00710-WJ-SCY*

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Gold King Mines Corporation's ("Gold King") Motion to Dismiss and Supporting Memorandum, Doc. 52, filed August 8, 2018.

The Court allowed Gold King Mines Corporation ("GKMC") to join in and file a supplement to the Mining Defendants' (Sunnyside Gold Corporation, Kinross Gold U.S.A. Inc., and Kinross Gold Corporation) motion to dismiss. GKMC moves to dismiss the McDaniel Plaintiffs and Navajo Nation's amended complaints and states "[w]hile GKMC is a party in the Utah matter, because a default judgment has entered there is no issue to address in this Court as it relates to that action." Doc. 52 at 1. GKMC incorporates the arguments made and authority relied upon in the Mining Defendants' motion to dismiss. The Court denies much of GKMC's motion for many of the same reasons it denied similar requests in the Mining Defendants' motion to dismiss.

**Personal Jurisdiction**

GKMC moves the Court to dismiss the Navajo Nation and the McDaniel Plaintiffs' Complaints for lack of personal jurisdiction. GKMC states that the Navajo Nation's Amended Complaint "asserts the activity at issue is the EPA and its contractors' conduct on August 5, 2015, which occurred a decade after GKMC had any ownership or control over the site or any property in the watershed." Doc. 52 at 7. GKMC contends that the "facts alleged in the [Navajo Nation

and McDaniel Plaintiffs'] Amended Complaints cannot establish a prima facie case of purposeful direction . . . [or] that Plaintiffs' cause of action arose out of GKMC's alleged conduct." Doc. 52 at 7-8.[1]

The Navajo Nation and the McDaniel Plaintiffs have alleged sufficient facts to make a *prima facie* showing of personal jurisdiction over GKMC. The Navajo Nation alleged that GKMC had responsibility for operating Sunnyside Gold's treatment facility, "Sunnyside Gold formally transferred ownership of the treatment facility and its discharge permit to" GKMC, GKMC "continuously neglected its obligations to control the discharge of wastewater from its properties and to operate the treatment facility to protect the water entering the Animas and San Juan River," GKMC "exceeded its discharge limits at the Gold King Mine," and GKMC resorted to diverting untreated discharges from the American Tunnel and Gold King Mine directly into Cement Creek[, a tributary of the Animas River]." NN FAC ¶¶ 50, 52-53. The McDaniel Plaintiffs alleged that the Defendants, including GKMC, "negligently and grossly negligently maintained an abandoned gold mine dam," "knew or should have know that there was a substantial risk of a blowout," "owed a duty to the Plaintiffs to conduct, regulate, maintain, and oversee the operations, investigations, and conditions at the Gold King Mine in a reasonable manner and with reasonable care," and "[f]ailure to exercise reasonable care in these circumstances pose a foreseeable risk of harm to the Plaintiffs downstream." McDaniel Second Amended Complaint ¶¶ 31, 32, 48.

---

[1] "[T]he 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). There is purposeful direction if (i) there is an intentional action, (ii) that was expressly aimed at the forum state, (iii) with knowledge that the brunt of the injury would be felt in the forum state. *See Dudnikov v. Chalk & Vermilion fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008).

**Barred by Statute of Limitations**

GKMC asserts that "[w]here there is a transboundary contamination incident, the applicable law is that of the source state," that the "Colorado period of limitations in a tort case is two years from the occurrence of the tort," that "GKMC has not been involved with the Gold King Mine since 2005," and "therefore the state law claims as it relates to GKMC are barred under Colorado's Statute of Limitations." Doc. 52 at 7.

GKMC incorrectly states that the Colorado period of limitations is two years from "*the occurrence of the tort*." Colorado law states a civil action "must be commenced with two years after the cause of action *accrues*." C.R.S.A. § 13-80-102(1). A cause of action is "deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S.A. § 13-80-108(8).

New Mexico law provides that causes of action regarding "injuries to property" must be brought "within four years," "after their causes accrue," and that a "cause of action shall not be deemed to have accrued until the . . . injury . . . complained of, shall have been discovered by the party aggrieved." N.M.S.A. §§ 37-1-1, 37-1-4 and 37-1-7.

The Navajo Nation and the McDaniel Plaintiffs filed their original Complaints against GKMC on August 16, 2016, and July 7, 2017, respectively. The causes of action against GKMC did not accrue until some time after the August 5, 2015, release when the Navajo Nation and the McDaniel Plaintiffs discovered the injuries of which they complain. Consequently, the Navajo Nation and McDaniel Plaintiffs' claims are not barred by the statute of limitations under Colorado or New Mexico law.

**Clean Water Act**

GKMC states the "Clean Water Act preempts any claims based upon the law of the affected state." The Court grants GKMC's motion to dismiss the McDaniel Plaintiffs and the Navajo Nation's tort claims as preempted by the Clean Water Act to the extent the McDaniel Plaintiffs and the Navajo Nation seek to assert those claims under the law of any state other than Colorado. *See* Doc. 52 at 9; *see also* Mem. Op. and Order at 3-4, Doc. 168, filed March 26, 2019 (discussing preemption of non-source state law and granting the Mining Defendants' motion to dismiss the Sovereign Plaintiffs' tort claims as preempted by the Clean Water Act to the extent the Sovereign Plaintiffs seek to assert those claims under the law of any state other than Colorado).

**State of Colorado Not a Required Party**

GKMC asserts that the claims against GKMC should be dismissed because the State of Colorado is a required party and cannot be joined. *See* Doc. 52 at 9-10. GKMC states that its "activities were specifically regulated, permitted, and authorized by Colorado agencies," "Colorado has a direct interest in seeing that its laws, regulations, and decrees are followed," "Colorado's presence is clearly essential should a downstream sovereign request 'abatement' in Colorado," and "[w]ithout Colorado in the lawsuit, GKMC would be left 'subject to a substantial risk of incurring . . . inconsistent obligations.'" Doc. 52 at 9-10. GKMC concludes that "[o]ther than dismissal of the claims against GKMC, no remedy could be tailored that would prevent the unfairness and inequity that would result from a lawsuit challenging Colorado's conduct and laws without Colorado's presence." Doc. 52 at 10.

The Court denies GKMC's motion to dismiss regarding Colorado because GKMC has not shown that the State of Colorado is a required party, that the Court cannot tailor relief that would be consistent with Colorado's laws, or that the Court cannot tailor an appropriate remedy which

would not subject GKMC to inconsistent obligations. *See* Mem. Op. and Order at 8-9, Doc. 168 (denying the Mining Defendants' motion to dismiss because the Mining Defendants did not show that Colorado is a required party).

**CERCLA Section 113(h)**

GKMC moves the Court to dismiss all claims for abatement or injunctive relief because CERCLA Section 113(h), 42 U.S.C. 9613(h), bars any interference with a CERCLA response action. *See* Doc. 52 at 11; *see also* 42 U.S.C. § 9613(h) ("No Federal court shall have jurisdiction under Federal law . . . or under State law . . . to review any challenges to removal or remedial action selected under section 9604 of this title . . . except" in certain actions).

The Court denies GKMC's motion to dismiss pursuant to CERCLA Section 113(h) because the Court has previously denied the Federal Defendants' and the Mining Defendants' motions to dismiss claims pursuant to CERCLA Section 113(h) to allow for jurisdictional discovery regarding the issue of whether abatement in New Mexico and/or Utah would interfere with EPA's remedial action. *See* Mem. Op. and Order at 10-15, Doc. 164, filed February 28, 2019; Mem. Op. and Order at 9-11, Doc. 168.

**Punitive Damages**

GKMC requests that the claims against it be dismissed because the "allegations in the Amended Complaints, even if taken as true, do not allow for an award of punitive damages." Doc. 52 at 11. The Court denies GKMC's request. A request for punitive damages is not the proper subject of a Rule 12(b)(6) motion because such a request is not a separate cause of action. *See Mason v. Texaco, Inc.* 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case. It is part and parcel of a liability determination and does not have any independent being until a jury has decided

. . . that not only was a defendant's conduct negligent, but that it was gross, willful, wanton or malicious"). *See* Mem. Op. and Order at 14-15, Doc. 168 (denying the Mining Defendants' motion to dismiss the requests for punitive damages).

**IT IS ORDERED** that Defendant Gold King Mines Corporation's Motion to Dismiss and Supporting Memorandum, Doc. 52, filed August 8, 2018, is **GRANTED in part** and **DENIED in part.** The Court grants Gold King Mines Corporation's motion to dismiss the tort claims as preempted by the Clean Water Act to the extent the Navajo Nation and McDaniel Plaintiffs seek to assert those claims under the law of any state other than Colorado. The Court denies the remainder of Gold King Mines Corporation's motion to dismiss.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**